# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                             CASE NO. 8:20-cv-2754-WFJ-CPT

VALERIE COLLUM, TONI JEAN
BROWN a/k/a Toni Jean Collum, and
LAURA LYNNE SCOTT,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendant Valerie Collum's Counterclaim (Dkt. 15). After careful consideration of the allegations of the counterclaim (Dkt. 14) and the applicable law, the Court grants the motion.

## BACKGROUND

This action for declaratory relief and interpleader arises from an insurance company's uncertainty as to which of three survivors (the three named Defendants) is entitled to pension benefits under an annuity. Dkt. 1. The complaint, together with its exhibits, presents the following chain of events, which will be presumed as true at this stage of the proceedings.

Thomas Larry Collum worked for a company that provided him a pension in the form of an annuity issued by Plaintiff American General Life Insurance Company ("American General"). Dkt. 1 ¶ 9; Dkt. 1-1. Mr. Collum died on August 14, 2020. Dkt. 1 ¶ 16. Soon thereafter Defendant Valerie Collum made a claim to the benefit due under the certificate. Dkt. 1 ¶ 25. Defendant Toni Jean Brown a/k/a Toni Jean Collum and Defendant Laura Lynne Scott also asserted separate claims to the monthly benefit. Dkt. 1 ¶ 26.

It appears that Mr. Collum left the company in 1993. Dkt. 1-2 at 2. That same year Mr. Collum and "Ms. Bonnie Collum" divorced. Dkt. 1-2; Dkt. 1-3. In the following year, 1994, Mr. Collum married Defendant Valerie Collum. Dkt. 1 ¶ 7.

Mr. Collum and Mrs. Valerie Collum stopped living together approximately one year later in 1995. Dkt. 1 ¶ 7. They never legally separated or divorced. *Id*. Later in 1995 Mr. Collum began cohabitating with Defendant Toni Jean Brown (a/k/a Toni Jean Collum). *Id*. ¶ 8. Mr. Collum and Ms. Brown never married. *Id*.

The annuity certificate issued in 2005. Dkt. 1-1. In June 2008, Mr. Collum sought from American General a pension benefit calculation. Dkt. ¶ 11; Dkt. 1-2. He wrote on the request form that he was divorced in 1993 from "Bonnie Collum" and submitted the judgment of divorce as proof. Dkt. 1-2; Dkt. 1-3. Mr. Collum revealed nothing on the request form about either of the two later relationships he

2

had with Mrs. Valerie Collum or with Ms. Toni Brown.  Dkt. 1 ¶¶ 12, 13; Dkt. 1-2; Dkt. 1-3.

In August 2008, Mr. Collum designated his then cohabitant of over ten years—Ms. Brown—as the joint annuitant.  Dkt. 1 ¶ 13; Dkt 1-4.  On the annuity election form, he chose the fifth option, "100% Joint & Survivor," which is "payable to you [Thomas Collum] as long as you live and after your death to be continued during the remaining lifetime of the Joint Annuitant."  Dkt. 1-4 at 2.  Mr. Collum did not designate on the form his marital status, but he typed "N/A" beside "name of spouse."  Dkt. 1 ¶ 13; Dkt. 1-4 at 2.

In June 2017, he ceased cohabitating with Ms. Brown, and submitted a pension service change request to American General.  Dkt. 1 ¶ 14; Dkt. 1-5.  The change request form sought to change the beneficiary to Defendant Laura Lynne Scott, his daughter because "ex-girlfriend – relationship ended."  Dkt. 1 ¶ 15; Dkt. 1-5.

American General alleges it is unclear which survivor is now entitled to the decedent's survivor monthly benefits.  Dkt. 1 ¶¶ 23, 24, 31, 33, 36.  The confusion stems from the decedent failing to obtain the consent of Mrs. Valerie Collum prior to designating Ms. Brown as beneficiary in 2008 and substituting Laura Lynne Scott for Ms. Brown in 2017.  Dkt. 1 ¶¶ 19, 20.  Asserting the existence of conflicting claims made among the competing beneficiaries, American General

3

seeks a declaration of the proper beneficiary and interpleader relief regarding the survivor's monthly annuity payments. Dkt. 1.

## DISCUSSION

Mrs. Valerie Collum, *pro se*, filed a brief, twenty-line counterclaim against American General (Dkt. 14 at 5; Dkt. 14-1 at 1) which it now seeks to dismiss.

### *Pleading Standard*

The Court applies the *Twombly-Iqbal* standard, accepting all of the counterclaim's factual allegations, not legal conclusions, as true and construing all reasonable inferences from those alleged facts in the light most favorable to the counterclaimant.[1] To survive a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., the counterclaim must contain sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 does not require detailed allegations, but the counterclaim must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 557 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Court takes into consideration the liberal construction afforded p*ro se* litigants but will

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (allowing reasonable inferences to be drawn from factual content); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating legal conclusions "couched" as facts need not be accepted as true); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (same).

4

not rewrite a counterclaim to sustain an action. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

### *The Counterclaim*

The counterclaim generally complains of American General's failure to investigate public and social security records regarding the marital status of Mr. Collum. The counterclaim specifically alleges negligence and lack of due diligence on the part of American General in failing to ascertain that the decedent was still married to counterclaimant, Mrs. Valerie Collum, both times he designated beneficiaries. Dkt. 14-1. She also faults American General for "not mak[ing] a decision based on the facts" and for going "to a court for help with ERISA law" based on its failure to choose her as the proper beneficiary.

American General argues the claims raised by Mrs. Valerie Collum are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Second, negligence, or a failure to investigate, requires the breach of a duty, and American General asserts no duty exists to investigate a representation made by a pension annuitant. Finally, American General contends the counterclaim must be dismissed because it duplicates the interpleader defendant's claim in the underlying interpleader. The Court agrees.

An interpleader action avoids multiple liability on the part of the stakeholder plaintiff. *See* Dkt. 1 ¶ 40; Fed. R. Civ. P. 22. With respect to ERISA claims, if the

alleged conduct at issue "is intertwined with the refusal to pay benefits" and "the counterclaim involves a dispute over a change of beneficiary form," the counterclaim does not "defeat" ERISA preemption. *Unum Life Ins. Co. v. Burton*, No. 8:05-cv-1423-SDM-MAP, 2006 WL 69068, at *1 (M.D. Fla. Jan. 11, 2006).[2] Here, American General's refusal to pay Mrs. Valerie Collum the benefit due on the annuity certificate is intertwined with the propriety of the August 2008 election and beneficiary form. ERISA does not permit an intertwined claim apart from or in addition to the interpleader action.

In addition to ERISA preemption, the counterclaim fails to state a claim for relief under Florida law for either negligence or failure to investigate whether the decedent was truthful in the 2008 election form. Negligence requires the breach of a legal duty. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008) (citation omitted). An insurance company, however, does not have a duty to investigate whether an applicant's representations—at least in the context of an application for insurance—are correct. *Sciaretta v. Lincoln Nat'l Life Ins. Co.*, 899 F. Supp. 2d 1318, 1330 (S.D. Fla. 2012). Where no duty exists, a negligence claim must be dismissed. *See Brake v. Wells Fargo Fin. Sys. Fla., Inc.*, No. 8:10-cv-338-VMC-TGW, 2011 WL 6719215, at *10–11 (M.D. Fla. Dec. 5, 2011) (dismissing

---

[2] *See also Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (holding ERISA preempts state law "whenever the alleged conduct at issue in intertwined with the refusal to pay benefits" under an ERISA-governed plan).

6

complaint and discussing Florida courts' rejection of a bank's duty to process and consider loan applications in any particular or competent manner), *report and recommendation adopted by* 2011 WL 6412430 (M.D. Fla. Dec. 21, 2011).

Lastly, "interpleader defendants" such as Mrs. Valerie Collum "are barred from asserting counterclaims that duplicate their claims in the underlying interpleader." *Coca-Cola Co. v. Lande,* No. 1:19-cv-1741-WMR, 2019 WL 10093974, at 3 (N.D. Ga. Oct. 31, 2019) (citing cases); *see also Genworth Life Ins. Co. v. Sehorne*, No. 8:07-cv-2308-JSM-EAJ, 2008 WL 912438, at * 4 (M.D. Fla. Apr. 1, 2008) (determining that if interpleader defendants were allowed to counterclaim against the stakeholder, the purpose of the interpleader action "would be utterly defeated"). Because the counterclaim is duplicative of the precise issues to be determined in the complaint, dismissal is warranted.

Accordingly, the motion to dismiss the counterclaim (Dkt. 15) is granted. Defendant/Counterclaimant Valerie Collum may replead her counterclaim, if legally possible, within twenty-one (21) days or her counterclaim will be dismissed with prejudice without further notice.

**DONE AND ORDERED** at Tampa, Florida, on May 5, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:  Counsel of record and all unrepresented parties